### D. W. PHILLIPS *v.* MARTIN BANNISTER, ET AL.

**Mortgage Liens—Other Creditors.**

> Where a first mortgage lien is to secure the principal and interest at a given rate in a renewal of the notes, the parties thereto cannot, as against other creditors and lienholders, agree to an increase of the interest and thereby enlarge the debt.

**Lien of Taxes.**

> The estate of the debtor is bound for the payment of taxes, and the officers paying them should be subrogated to the rights of the state or county.

**Collection of Taxes.**

> In the collection of taxes the sheriff has no right to proceed against the land until the personal estate is exhausted.

APPEAL FROM MARION COURT OF COMMON PLEAS.

October 6, 1877.

OPINION BY JUDGE PRYOR:

The renewal of the note by the debtor to Phillips, by which he agreed to pay ten per cent. interest instead of six, was certainly to the injury of all the creditors, and particularly those who hold subsequent liens upon the same property. The liability of the mortgagor was increased, and the fact that the junior lienholders had notice of the agreement to pay ten per cent. cannot affect the rights of either. The lien of the appellant had been made a matter of record, and of this all dealing with the mortgagor were bound to take notice. This lien was for the debt and interest. The interest was six per cent. at the time the lien attached, and no subsequent renewal, by which the debt was enlarged in any other manner than by the accumulating interest at the rate of six per cent. could affect creditors unless the transaction had been made a matter of record. The party would have a lien for his original debt and interest existing at the time the lien was created, and nothing more. As the fund was insufficient to pay all the creditors, it was proper that the appellant should recover only the amount of his debt and six per cent. interest.

As to the liens for the taxes it is evident that the estate of the debtor was bound for the payment, and the officers paying them should be substituted to the rights of the state or county. The railroad tax is a lien on both the real and personal estate, and as to the personal estate of the mortgagor it was first liable for the revenue, and the sheriff had no right to proceed against the land until the personal estate was exhausted. The mortgagee, when he accepts a mortgage on the personalty, knows, or is presumed to know, the nature of the liens the commonwealth has upon it, or rather the right and duty of the sheriff to sell it for the taxes before he can proceed against the real estate.

The only error we preceive in the case is the allowance of ten per cent. on the sales of the personalty by the appellant, making the

debtor pay him at that rate of interest, and in requiring the appellant to account for ten per cent. upon the amount due for the taxes. The sums are so trifling in amount, and since the appellant sustains no loss by the judgment in this regard, the judgment must be and is now *affirmed*.

*Russell & Arritt, for appellant.*

*W. B. Harrison, R. H. Rountree, for appellees.*